UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOM DEROSIER and MICHEL BRYANT,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; SGT. MICHAEL HARDMAN, in his official and personal capacities; and JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities,<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-10812-DJC<br><br>**[ORAL ARGUMENT REQUESTED]** |

**PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, AN INJUNCTION PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiffs Tom Derosier and Michel Bryant, respectfully move this Honorable Court for a Temporary Restraining Order (TRO) and a Preliminary Injunction enjoining Defendants Geoffrey Noble, Sgt. Michael Hardman, and Officers John Does 1 & 2 ,their agents, employees, and all persons acting in concert with them, from unlawfully and unconstitutionally prohibiting Plaintiffs from engaging in protected newsgathering activities, including recording police activity, on public sidewalks in Dedham, Massachusetts, with special attention paid to the "Buffer Zone" unconstitutionally imposed by Judge Cannone. In support hereof, Plaintiffs refer to the accompanying memorandum of law in support hereof and exhibits thereto, incorporated herein by reference. A brief overview of the memorandum follows:

Due to the Karen Read trial, the Norfolk County Superior Court instituted an unconstitutional "Buffer Zone," which serves as a Prior Restraint Zone surrounding the Norfolk County Courthouse. The Zone itself is Constitutionally impermissible, which is the primary issue

in *Grant, et al v. Trial Court of the Commonwealth of Massachusetts, et al.*, Case No. 1:25-cv-10770-MJJ (D. Mass.) (the "Protester Case"). Plaintiffs here echo the challenges to the imposition of the Zone, but recognize that their arguments are duplicative of the arguments already at issue in the Protester Case. Plaintiffs in this case seek additional injunctive relief against the Massachusetts State Police for enforcing the unlawful Prior Restraint Zone order against journalists reporting on the Karen Read trial, which has generated an unprecedented amount of public interest and attention.

Plaintiffs are the journalists reporting on the trial and the public protests surrounding it. They are engaged in Constitutionally protected newsgathering activities, including documenting police conduct in public spaces, a right secured by the First Amendment to the United States Constitution. Defendants, acting under color of law, have interfered with Plaintiffs' rights by prohibiting them from recording police activity on public sidewalks, threatening arrest, and, using physical force and intimidation to obstruct Plaintiffs' lawful activities.

Defendants' conduct violates Plaintiffs' First Amendment rights to freedom of the press and speech, as well as their Fourteenth Amendment rights to due process and equal protection under the law. Absent immediate injunctive relief, Plaintiffs will suffer irreparable harm, as the loss of First Amendment freedoms, even for a short duration, constitutes irreparable injury. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Asociación de Educación Privada de Puerto Rico v. Garcia-Padilla*, 490 F.3d 1, 21 (1st Cir. 2007); *Maceira v. Pagan*, 649 F.2d 8, 18 (1st Cir. 1981).

## 1.0    STATEMENT OF FACTS

On April 1, 2025, Plaintiffs were engaged in newsgathering on public sidewalks in Dedham, Massachusetts, documenting police interactions with the public, conditions outside the

RANDAZZA | LEGAL GROUP

Dedham Courthouse, and other matters of public concern concerning the Karen Read trial. Defendants, without lawful justification, threatened Plaintiffs that they would be arrested if they remained in the "Prior Restraint Zone," citing vague or nonexistent policies, despite Plaintiffs' identifying themselves as members of the press and their compliance with all applicable laws. When Plaintiffs asserted their constitutional rights, Defendants again threatened arrest, preventing Plaintiffs from doing their work.  Plaintiffs have no adequate remedy at law to prevent the ongoing and imminent deprivation of their constitutional rights absent judicial intervention.

## 2.0   LEGAL STANDARD

Injunctive relief in the form of a TRO and, subsequently, a preliminary injunction should issue under Fed. R. Civ. P. 65(b) where the moving party demonstrates: (1) a likelihood of success on the merits; (2) that he would suffer irreparable harm in the absence of injunctive relief; (3) that the harm to the movant if injunctive relief does not issue outweighs the harm to the defendant if it does; and (4) that an injunction would not adversely affect the public interest. *See Strike 3 Holdings, LLC v. Doe*, 2024 U.S. Dist. LEXIS 203444, at *8 (D. Mass. Nov. 7, 2024), quoting *A.W. Chesterson Co. v. Chesterson*, 128 F.3d 1, 5 (1st Cir. 1997).

## 3.0   ARGUMENT

### 3.1   Likelihood of Success on the Merits

The First Amendment unequivocally protects the right to record police activity in public spaces as an essential component of newsgathering and press freedom. *See Glik v. Cunniffe*, 655 F.3d 78, 82-83 (1st Cir. 2011) (holding that recording police officers in public is a "clearly established" First Amendment right); *Berge v. Sch. Comm. of Gloucester,* 107 F.4th 33 (1st Cir. 2024)(reaffirming such as to government officials).  Government officials who interfere with this right do not enjoy qualified immunity in the First Circuit. *See, e.g., Glik*, 655 F.3d at 79, 83-84.

Defendants' actions lack any legitimate governmental interest sufficient to override this constitutional protection and violate well-settled law within the First Circuit. Plaintiffs are thus likely to prevail on their claims under 42 U.S.C. § 1983 for violations of their First and Fourteenth Amendment rights. Specifically, Plaintiffs will prevail on Count I, and they seek to have the trial thereon consolidated with the hearing on this motion.

### 3.2    Irreparable Harm

The deprivation of First Amendment rights, even temporarily, constitutes irreparable harm. *See Elrod*, 427 U.S. at 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"). Here, Defendants prohibited Plaintiffs from engaging in Constitutionally protected newsgathering activities, depriving them of their First Amendment rights. Without injunctive relief, Defendants will continue to obstruct Plaintiffs' newsgathering, chilling their ability to report on matters of public concern and causing immediate, irreparable, and ongoing harm, necessitating injunctive relief.

### 3.3    Balance of Equities

The balance of equities tips decisively in Plaintiffs' favor. Defendants suffer no cognizable harm from being enjoined from unconstitutional conduct, while Plaintiffs face the loss of fundamental rights absent relief. Plaintiffs will suffer irreparable harm in the absence of injunctive relief, while Defendants will suffer no harm if an injunction issues.

### 3.4    Public Interest

The public interest is served by upholding press freedoms and ensuring transparency in police conduct, core democratic values advanced by Plaintiffs' newsgathering activities.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

RANDAZZA | LEGAL GROUP

1. Issue a Temporary Restraining Order enjoining Defendants, their agents, employees, and all persons acting in concert with them, from:

    a. Prohibiting Plaintiffs from recording activity on public sidewalks;

    b. Threatening, arresting, or using force against Plaintiffs for engaging in lawful newsgathering.

2. Set an expedited hearing for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a), consolidated with the trial on Count I of their Verified Complaint.

3. Grant such other and further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Plaintiffs believe that oral argument may assist the Court. This matters involves significant constitutional issues that oral argument will help to address.

## CERTIFICATION

Pursuant to Fed. R. Civ. P. 65(b)(1)(B), undersigned counsel certifies that an effort to meet and confer with Attorney John Hitt of the Attorney General's Office was made on April 7, 2025, but Plaintiffs have not yet received a response to their good faith effort

Dated: April 7, 2025.                                         Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark Trammell
(*Pro Hac Vice*)
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org
*Attorneys for Plaintiffs.*

## CERTIFICATE OF SERVICE

    I hereby certify that on April 7, 2025 the foregoing document was informally served via e-mail as follows:

<div align="center">

John R. Hitt
Assistant Attorney General
Government Bureau
Office of the Attorney General
&lt;John.Hitt@mass.gov&gt;

</div>

<div align="right">

/s/ Marc J. Randazza
Marc J. Randazza

</div>