# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOM DEROSIER and MICHEL BRYANT,<br><br>                     Plaintiffs,<br><br>          v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; SGT. MICHAEL HARDMAN, in his official and personal capacities; and JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities,<br><br>                     Defendants. | Civil Action No. 1:25-cv-10812<br><br><br>**EMERGENCY MOTION TO LIFT STAY AND ENTER AN IMMEDIATE INJUNCTION PROTECTING JOURNALISM**<br><br>**[ORAL ARGUMENT NOT REQUESTED]** |

Plaintiffs Tom Derosier and Michel Bryant move this Honorable Court on an emergency basis to lift the stay in this case (Doc. 18) and to, on an emergency basis, protect the right to engage in journalism within the Cannone Buffer Zone. This Court is requested to do this by enjoining the buffer zone as constituted to whatever extent it could be interpreted to limit journalism outside the Dedham Courthouse, and to enjoin its enforcement in any capacity that would apply it to stop or impede journalism outside the Courthouse. If the Court declines to enter the injunction right away, the Plaintiffs respectfully request that the Court at least deny the preliminary injunction immediately (and make it clear that it will not grant an injunction on appeal) so that an emergency appeal to the First Circuit may be taken without further delay.

This Court stayed Plaintiffs' initial injunction request and this case upon learning that the *Grant* case plaintiffs appealed the denial of their request for injunctive relief on the same order to the U.S. Court of Appeals for the First Circuit. However, they sought quite different relief – the right to protest. The plaintiffs in this case seek relief giving them the right to *newsgather – to*

*engage in journalism*.  What ever authority could have given the government the power to lock down protest is still unclear, but there was not even the slight wisp of a scent of justification for the government to lock down people trying to simply record and document what was going on. To whatever extent the government could have imagined one, the First Circuit has now spoken, and hopefully at this point, the slight rumble it made can awaken everyone from their slumber so that they can arise and protect the First Amendment.  It has been violated too long in this case, where the question is so much more fundamentally easy than in the *Grant* case.

On May 9, 2025, the First Circuit vacated the *Grant* Court's denial of the preliminary injunction.  The First Circuit suggested that the injunction should limit the zone imposed by Judge Cannone "to demonstrations directed toward interfering with the administration of justice or influencing the trial participants." *Grant v. Trial Court*, 2025 U.S. App. LEXIS 11261, *10 (1st Cir. May 9, 2025). The First Circuit also indicated that Plaintiff should be permitted to "engage in their desired quiet, offsite, nonobstructive demonstrations." *Id.*   Given that Plaintiffs were engaging in journalism and newsgathering, not protesting (yet the State Police are interpreting the zone as giving them the power to shut down newsgathering), Plaintiffs request that the Court enter an injunction prohibiting the government from interfering with Plaintiffs' newsgathering and journalism within the buffer zone.  In support hereof, Plaintiffs refer to the accompanying memorandum of points and authorities, which is incorporated herein by reference.

Pursuant to LR 7.1(a)(2), the undersigned counsel hereby certify that they attempted in good faith to confer with Defendants to narrow the issues in this motion prior to filing but given the timing of the First Circuit's decision, close of business Friday, and the emergency and exigent circumstance here, they were unable to do so. Nevertheless, the government's counsel was asked for concurrence or for an ability to narrow the issues via email.

WHEREFORE Plaintiffs respectfully request that this Honorable Court issue a limited injunction, enjoining the enforcement of the buffer zone to the extent that it has been interpreted to prohibit newsgathering and engaging in journalism. This is requested on an emergency basis, without hearing, as each day Plaintiff's Constitutional rights are violated constitutes irreparable injury to the First Amendment, the right to gather the news, and the right of the public to receive that news. The buffer zone and police conduct have placed a blindfold on the public. Please remove it immediately, or at least clear the path to the First Circuit by denying the preliminary injunction and denying the incorporated request for an injunction pending appeal.

Dated: May 10, 2025.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark Trammell *pro hac vice*
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiffs.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2025 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza