UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOM DEROSIER and MICHEL BRYANT,<br><br>Plaintiffs,<br><br>v.<br><br>GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; SGT. MICHAEL HARDMAN, in his official and personal capacities; and JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities,<br><br>Defendants. | Civil Action No. 1:25-cv-10812<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' EMERGENCY MOTION FOR EXPEDITED HEARING ON MOTION FOR PRELIMINARY INJUNCTION OR, IN THE ALTERNATIVE, FOR ADJUDICATION**<br><br>**[ORAL ARGUMENT NOT REQUESTED]** |

Because this Court declined to take emergency action previously, Defendant Hardman has escalated from merely threatening citizens to physically assaulting them. As set forth in the First Amended Complaint (ECF No. 25), on May 19, 2025, while Plaintiff Derosier was peacefully filming the exterior of the Norfolk Superior Courthouse from across the street, with another State Trooper saying "ok" to where Derosier was standing, Defendant Sgt. Hardman suddenly snapped and assaulted Derosier. He violently grabbed Derosier by the arm, injuring him, and dragged him across a road (now catty-corner from the courthouse). Hardman had no lawful reason or probable cause. Yet, he's emboldened by the buffer zone order; even though Judge Cannone issued a recent supplemental order, that supplement does not restrain Hardman and other troopers under Defendant Noble's control. Prompt action by this Court is necessary.

Plaintiffs are journalists covering the Karen Read trial. Briefly, on April 3, 2025, Plaintiffs filed their Verified Complaint (ECF No. 1) because two State troopers told Plaintiff Michel Bryant

- 1 -

Plaintiffs' Memorandum of Law in Support of Emergency Motion for Expedited Hearing on Motion for Preliminary Injunction or, in the Alternative, for Adjudication

on April 1, 2025, he could not newsgather in the buffer zone. That same day, Hardman lied to Plaintiff Derosier, saying Derosier wasn't media, and ordered him out of the buffer zone.

A few days after they filed their complaint, on April 7, 2025, Plaintiffs moved for a TRO and preliminary injunction (or for injunction pending appeal. (ECF No. 9). Rather than act on the motion, the Court determined to stay proceedings pending the outcome of the *Grant* appeal. (ECF No. 18). After the First Circuit decided *Grant*, on May 10, 2025, Plaintiffs again moved for expedited injunctive relief to prohibit Defendants' interference with Plaintiffs' newsgathering and journalism in the buffer zone. (ECF No. 19). On May 12, 2025, the Court held the claims in abeyance pending action by the Superior Court and otherwise required a response from Defendants on May 23, 2025. (ECF No. 21).

Although Judge Cannone issued her supplemental order (ECF No. 22-1) on May 15, 2025, the supplemental order was insufficient. The supplemental order only addressed pathways abutting the courthouse used by participants to enter, and it prohibited protests that were intended to interfere with the administration of justice or influence witnesses or jurors.

However, it did not vacate the original order. The state police have essentially taken and communicated their position that nothing has changed. Defendant Hardman decided he could still, under the pretext of the buffer zone, assault and injure Derosier even though he was where he had been told he could be and was not on any path used to enter the courthouse. Nor was he protesting or otherwise influencing any witness or juror (let alone attempting to do so). Yet, Hardman is ignoring this and Noble is doing nothing to stop his subordinates.

The State Police are not limiting their malfeasance to Mr. Derosier. They have continued to harass citizens like Erica Walsh (*Walsh v. Noble,* Case No. 1:25-cv-11344-RGS), who was again forced from the buffer zone today for wearing a sweatshirt that merely said "Criminals Control

Norfolk County." When she re-entered the buffer zone while wearing the same shirt, she was arrested for purportedly trespassing, even though she was on a public sidewalk where she had a lawful right to be.

The State Police threatened Jason Grant for this sign:



Mr. Grant sought to stand across the street from the Dedham Courthouse holding an American flag and a Bible verse: 2 Cor. 3:17  ("*Now the Lord is the Spirit, and Where the Spirit of the Lord is, There is Freedom*").  The Massachusetts State Police applied Judge Cannone's new, *still ultra vires order*, to prohibit *this*.

Immediate action is necessary.  The Court should set the prior motions for hearing today or as soon as the parties may be heard; waiting until after the 23rd allows Hardman and the State Police to continue to threaten and assault citizens and deny Derosier his rights.  If the Court cannot do so, it should adjudicate the motions promptly so that, in the case of denial, an emergency appeal may be taken—delays compound Plaintiffs' daily constitutional injuries.

Plaintiffs' Memorandum of Law in Support of Emergency Motion for Expedited Hearing on Motion for Preliminary Injunction or, in the Alternative, for Adjudication

Dated: May 19, 2025.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477           Mark Trammell (*pro hac vice*)
mjr@randazza.com, ecf@randazza.com      MTrammell@libertyCenter.org
Jay M. Wolman, BBO# 666053              CENTER FOR AMERICAN LIBERTY
jmw@randazza.com                        P.O. Box 200942
RANDAZZA LEGAL GROUP, PLLC              Pittsburgh, PA 15251
30 Western Avenue                       Tel: (703) 687-6200
Gloucester, MA 01930
Tel: (978) 801-1776

*Attorneys for Plaintiffs.*

RANDAZZA | LEGAL GROUP

- 4 -
Plaintiffs' Memorandum of Law in Support of Emergency Motion for Expedited Hearing on Motion for Preliminary Injunction or, in the Alternative, for Adjudication

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP

- 5 -
Plaintiffs' Memorandum of Law in Support of Emergency Motion for Expedited Hearing on Motion for Preliminary Injunction or, in the Alternative, for Adjudication