UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:25-CV-10812-MJJ

TOM DEROSIER and MICHEL BRYANT,
    Plaintiffs,

v.

GEOFFREY NOBLE, in his official capacity as Superintendent of the Massachusetts State Police; SGT. MICHAEL HARDMAN, in his official and personal capacities; and JOHN DOES 1 & 2 in their official capacities as Massachusetts State Police officers and in their personal capacities,

    Defendants.

## ANSWER OF THE OFFICIAL-CAPACITY STATE DEFENDANTS

Pursuant to Fed. R. Civ. P. 8, Colonel Geoffrey Noble, in his official capacity as Superintendent of the Massachusetts State Police, and Sergeant Michael Hardman, in his official capacity as a Massachusetts State Police Officer (collectively "Defendants") respond to the allegations in the First Amended Complaint (Doc. 25) as follows:[1]

## FIRST DEFENSE

The first two unnumbered paragraphs of the First Amended Complaint are characterizations of Plaintiffs' claims that require no response; insofar as a response is deemed necessary, the allegations are denied.

---

[1] Pursuant to the Federal Rules of Civil Procedure, the unidentified John Doe defendants will respond to the complaint if, and when, Plaintiffs' further amend the complaint to identify those individuals.

1

1. Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 1; insofar as a further response is deemed necessary, the allegations are denied.

2. Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 2; insofar as a further response is deemed necessary, the allegations are denied.

3. Except to admit that Geoffrey Noble is the Colonel of the Massachusetts State Police, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 3.

4. Admitted.

5. Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 5; insofar as a further response is deemed necessary, the allegations are denied.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 6; insofar as a further response is deemed necessary, the allegations are denied.

7. The allegations refer to writings (statutes and a pleading), which speak for themselves.

8-9. The allegations are legal conclusions, which require no response.

10. Admitted.

11. The allegations in paragraph 11 refer to a criminal indictment, which speaks for itself.

12. Admitted.

13.     Admitted.

14.     Admitted.

15.     The allegations in paragraph 15 refer to a motion filed in the Massachusetts Superior Court, which speaks for itself.

16.     The allegations in paragraph 16 refer to an order of the Massachusetts Superior Court, which speaks for itself. Insofar as a further response is required, the allegations are denied.

17.     The allegations in the first sentence of paragraph 17 refer to an order of the Massachusetts Superior Court, which speaks for itself. Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in the following sentences, but insofar as a further response is required, the allegations are denied.

18.     The allegations in paragraph 18 refer to a motion filed in the Massachusetts Superior Court, which speaks for itself.

19.     With respect to the contents of the order, the allegations in paragraph 19 refer to an order of the Massachusetts Superior Court, which speaks for itself; insofar as further response is deemed necessary, the allegations are denied.

20.     Except to admit that the Massachusetts State Police enforced the buffer zone during the first trial and are enforcing the buffer zone during the second trial, Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted.

21.     Defendants lack sufficient knowledge or information to form a belief as to the reasons Judge Cannone issued the supplemental order. The remaining allegations in paragraph 21 refer to the rulings and orders of the United States Court of Appeals for the First Circuit, the United States District Court, and the Massachusetts Superior Court, which speak for themselves.

22-23.   The allegations in paragraphs 22 and 23 refer to an order of the Massachusetts Superior Court, which speaks for itself.

24-26.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraphs 24 through 26.

27.   Except to admit that Bryant was walking in the buffer zone around Dedham Courthouse on April 1, 2025, denied

28-29.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 28 and 29.

30.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30.

31.   Except to admit that the sticker said "Real Justice for John O'Keefe FKR," denied.

32.   Denied.

33.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 33.

34.   Denied.

35.   Except to admit that the protesters were instructed not to enter the buffer zone again after entering for the fifth time, denied.

36.   The allegations in paragraph 36 refer to a video exhibit which speaks for itself.

37-40.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 37 through 40.

41-42.   Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraphs 41 and 42.

43.        Except to admit that Derosier was outside the courthouse on April 1, 2025, denied.

44.        Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44.

45.        Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45.

46.        Denied.

47.        Denied.

48.        Denied.

49.        Denied.

50.        Except to admit that Defendant Hardman said something, denied.

51.        Denied.

52.        Denied.

53.        Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 53.

54.        The allegation in paragraph 54 refers to a video exhibit which speaks for itself.

55.        Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55.

56.        Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56.

57.        Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57.

58.        Denied.

59.     Denied.

60.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60.

61.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61.

62.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62.

63.     The allegations refer to a writing, which speaks for itself. Insofar as a further response is deemed necessary, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63.

64.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64.

65.     Defendants incorporate their responses from above.

66-86.  Denied.

87.     Defendants incorporate their responses from above.

88-95.  Denied.

96.     Defendants incorporate their responses from above.

97-104. Denied.

105.    Defendants incorporate their responses from above.

106-114. Denied.

115.    Defendants incorporate their responses from above.

116-126. Denied.

## SECOND DEFENSE

Plaintiffs' claims are barred by the Eleventh Amendment.

## THIRD DEFENSE

Plaintiffs fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs' claims are barred by equitable estoppel.

## FIFTH DEFENSE

Plaintiffs' claims are barred by issue preclusion or claim preclusion.

## SIXTH DEFENSE

Plaintiffs' equitable claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

Plaintiffs lack Article III standing.

DEFENDANTS,

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

/s/ John R. Hitt

John R. Hitt, BBO# 567235
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108-1698
(617) 727-2200
Dated:  June 11, 2025               john.hitt@mass.gov

## CERTIFICATE OF SERVICE

I hereby certify that I have today, June 11, 2025, served this answer by ECF.

                                                      */s/ John R. Hitt*
                                                      Assistant Attorney General
                                                      Massachusetts Attorney General's Office