UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOM DEROSIER and MICHEL BRYANT,<br>    Plaintiff,<br><br>VS.<br><br>GEOFFREY NOBLE, in his official capacity as<br>Superintendent of the Massachusetts State Police;<br>SGT. MICHAEL HARDMAN, in is official and personal<br>capacities; and JOHN DOES 1 & 2 in their official capacities<br>as Massachusetts State Police officers and in<br>their personal capacities,<br>    Defendants. | )<br>)<br>)<br>) C.A. NO. 1:25-cv-10812-MJJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND JURY DEMAND OF THE DEFENDANT MICHAEL HARDMAN

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against the Defendant, Sergeant Michael Hardman (the "Defendant") upon which relief can be granted and, therefore, must be dismissed.

### SECOND DEFENSE

The Defendant, Sergeant Michael Hardman in his individual capacity, hereby responds to the allegations contained in the Plaintiffs' First Amended Complaint (the "Amended Complaint"), paragraph by paragraph, as follows:

### THE PARTIES

1. The Defendant neither admits nor denies the allegations contained in Paragraph 1 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

2. The Defendant neither admits nor denies the allegations contained in Paragraph 2 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

3. The Defendant admits that Geoffrey Noble [sic] is the current Superintendent of the Massachusetts State Police. The Defendant neither admits nor denies the remainder of the

allegations contained in Paragraph 3 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

4. The Defendant admits the allegations contained in Paragraph 4.

5. The Defendant neither admits nor denies the allegations contained in Paragraph 5 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

6. The Defendant neither admits nor denies the allegations contained in Paragraph 6 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

## JURISDICTION AND VENUE

7. The Defendant neither admits nor denies the allegations in this Paragraph as the allegations in Paragraph 7 contain mere prefatory statements and/or conclusions of law not requiring a responsive pleading.

8. The Defendant neither admits nor denies the allegations in this Paragraph as the allegations in Paragraph 8 contain mere prefatory statements and/or conclusions of law not requiring a responsive pleading.

9. The Defendant neither admits nor denies the allegations in this Paragraph as the allegations in Paragraph 9 contain mere prefatory statements and/or conclusions of law not requiring a responsive pleading.

## FACTUAL BACKGROUND

10. The Defendant admits the allegations in Paragraph 10.

11. The Defendant neither admits nor denies the allegations contained in Paragraph 11 as Paragraph 11 refers to a written document which speaks for itself. To the extent a response is nonetheless deemed required, the Defendant admits that Karen Read was indicted.

12. The Defendant admits the allegations contained in Paragraph 12.

13. The Defendant admits the allegations contained in Paragraph 13.

14. The Defendant admits the allegations contained in Paragraph 14.

15. The Defendant neither admits nor denies the allegations contained in Paragraph 15, as Paragraph 15 refers to a written document which speaks for itself.

16. The Defendant neither admits nor denies the allegations contained in Paragraph 16 as Paragraph 16 refers to a written document which speaks for itself.

17. The Defendant neither admits nor denies the allegations contained in Paragraph 17 as Paragraph 17 refers to a written document which speaks for itself. Further responding, the Defendant neither admits nor denies the allegations contained in Paragraph 17 as Paragraph 17 contains mere conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 17.

18. The Defendant neither admits nor denies the allegations contained in Paragraph 18 as Paragraph 18 refers to a written document which speaks for itself. Further responding, the Defendant neither admits nor denies the allegations contained in Paragraph 18 as Paragraph 18 contains mere conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 18.

19. The Defendant neither admits nor denies the allegations contained in Paragraph 19 as Paragraph 19 refers to a written document which speaks for itself. Further responding, the Defendant neither admits nor denies the allegations contained in Paragraph 19 as Paragraph 19 contains mere conclusions of law not requiring a responsive pleading. To the extent a

further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 19.

20. The Defendant admits that the Massachusetts State Police took action to enforce the buffer zone in accordance with the Superior Court's buffer zone orders. Otherwise denied.

21. The Defendant neither admits nor denies the allegations contained in Paragraph 21 as Paragraph 21 refers to a written document which speaks for itself. Further responding, the Defendant neither admits nor denies the allegations contained in Paragraph 21 as Paragraph 21 contains mere conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 21.

22. The Defendant neither admits nor denies the allegations contained in Paragraph 22 as Paragraph 22 refers to a written document which speaks for itself. Further responding, the Defendant neither admits nor denies the allegations contained in Paragraph 22 as Paragraph 22 contains mere conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 22.

23. The Defendant neither admits nor denies the allegations contained in Paragraph 23 as Paragraph 23 refers to a written document which speaks for itself. Further responding, the Defendant neither admits nor denies the allegations contained in Paragraph 23 as Paragraph 23 contains mere conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 23.

24. The Defendant neither admits nor denies the allegations contained in Paragraph 24 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

25. The Defendant neither admits nor denies the allegations contained in Paragraph 25 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

26. The Defendant neither admits nor denies the allegations contained in Paragraph 26 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

27. The Defendant denies the allegations contained in Paragraph 27.

28. The Defendant neither admits nor denies the allegations contained in Paragraph 28 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

29. The Defendant neither admits nor denies the allegations contained in Paragraph 29 as Paragraph 29 refers to a documentary exhibit which speaks for itself. To the extent a further response is deemed necessary, the Defendant neither admits nor denies the veracity, authenticity, and completeness of Exhibit D.

30. The Defendant neither admits nor denies the allegations contained in Paragraph 30 as Paragraph 30 refers to a documentary exhibit which speaks for itself. To the extent a further response is deemed necessary, the Defendant neither admits nor denies the veracity, authenticity, and completeness of Exhibit D.

31. The Defendant admits that the individual in question was wearing a blue sticker with the text "Real Justice for John O'Keefe FKR." Otherwise denied.

32. The Defendant denies the allegations contained in Paragraph 32.

33. The Defendant neither admits nor denies the allegations contained in Paragraph 33 as Paragraph 33 refers to a documentary exhibit which speaks for itself. To the extent a

further response is deemed necessary, the Defendant neither admits nor denies the veracity, authenticity, and completeness of Exhibit D.

34. The Defendant denies the allegations contained in Paragraph 34.

35. The Defendant denies the allegations contained in Paragraph 35.

36. The Defendant neither admits nor denies the allegations contained in Paragraph 36 as Paragraph 36 refers to a documentary exhibit which speaks for itself. To the extent a further response is deemed necessary, the Defendant neither admits nor denies the veracity, authenticity, and completeness of Exhibit D.

37. The Defendant neither admits nor denies the allegations contained in Paragraph 37 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

38. The Defendant neither admits nor denies the allegations contained in Paragraph 38 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

39. The Defendant neither admits nor denies the allegations contained in Paragraph 39 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

40. The Defendant neither admits nor denies the allegations contained in Paragraph 40 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

41. The Defendant neither admits nor denies the allegations contained in Paragraph 41 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

42. The Defendant neither admits nor denies the allegations contained in Paragraph 42 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

43. The Defendant admits only that Derosier was present on April 1, 2025.

44. The Defendant neither admits nor denies the allegations contained in Paragraph 40 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

To the extent a further response is deemed required, the Defendant denies the allegations contained in Paragraph 44.

45. The Defendant neither admits nor denies the allegations contained in Paragraph 45 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

46. The Defendant denies the allegations contained in Paragraph 46.

47. The Defendant denies the allegations contained in Paragraph 47.

48. The Defendant denies the allegations contained in Paragraph 48.

49. The Defendant denies the allegations contained in Paragraph 49.

50. The Defendant denies the allegations contained in Paragraph 50.

51. The Defendant denies the allegations contained in Paragraph 51.

52. The Defendant denies the allegations contained in Paragraph 52.

53. The Defendant denies the allegations contained in Paragraph 53.

54. The Defendant neither admits nor denies the allegations contained in Paragraph 54 as Paragraph 54 refers to a documentary exhibit which speaks for itself. To the extent a further response is deemed necessary, the Defendant neither admits nor denies the veracity, authenticity, and completeness of Exhibit E.

55. The Defendant denies the allegations contained in Paragraph 55.

56. The Defendant neither admits nor denies the allegations contained in Paragraph 56 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

57. The Defendant admits the allegations contained in Paragraph 57.

58. The Defendant denies the allegations contained in Paragraph 58.

59. The Defendant denies the allegations contained in Paragraph 59.

60. The Defendant neither admits nor denies the allegations contained in Paragraph 60 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same. To the extent a response is nonetheless deemed required, the Defendant denies the allegations in Paragraph 60.

61. The Defendant denies the allegations contained in Paragraph 61.

62. The Defendant neither admits nor denies the allegations contained in Paragraph 62 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same.

63. The Defendant neither admits nor denies the allegations contained in Paragraph 63 as Paragraph 63 refers to a written document that speaks for itself. To the extent a further response is deemed required, the Defendant denies the contents of Exhibit G.

64. The Defendant denies the allegations contained in Paragraph 64.

## COUNT I
## Violation of the First Amendment, 42 U.S.C. § 1983 vs. All Defendants

65. The Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs 1-64 as if set forth fully herein.

66. The Defendant denies the allegations contained in Paragraph 66.

67. The Defendant denies the allegations contained in Paragraph 67.

68. The Defendant neither admits nor denies the allegations contained in Paragraph 68 as he has no actual knowledge of same. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 68.

69. The Defendant neither admits nor denies the allegations contained in Paragraph 69 as he has no actual knowledge of same and because Paragraph 69 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 69.

70. The Defendant neither admits nor denies the allegations contained in Paragraph 70 as Paragraph 70 contains conclusions of law not requiring a responsive pleading.  To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 70.

71. The Defendant neither admits nor denies the allegations contained in Paragraph 71 as Paragraph 71 contains conclusions of law not requiring a responsive pleading.  To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 71.

72. The Defendant neither admits nor denies the allegations contained in Paragraph 72 as Paragraph 72 contains conclusions of law not requiring a responsive pleading.  To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 72.

73. The Defendant neither admits nor denies the allegations contained in Paragraph 73 as Paragraph 73 contains conclusions of law not requiring a responsive pleading.  To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 73.

74. The Defendant neither admits nor denies the allegations contained in Paragraph 74 as Paragraph 74 contains conclusions of law not requiring a responsive pleading.  To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 74.

75. The Defendant neither admits nor denies the allegations contained in Paragraph 75 as Paragraph 75 contains conclusions of law not requiring a responsive pleading.  To the

extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 75.

76. The Defendant neither admits nor denies the allegations contained in Paragraph 76 as Paragraph 76 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 76.

77. The Defendant neither admits nor denies the allegations contained in Paragraph 77 as Paragraph 77 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 77.

78. The Defendant neither admits nor denies the allegations contained in Paragraph 78 as Paragraph 78 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 78.

79. The Defendant neither admits nor denies the allegations contained in Paragraph 79 as Paragraph 79 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 79.

80. The Defendant neither admits nor denies the allegations contained in Paragraph 80 as Paragraph 80 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 80.

81. The Defendant neither admits nor denies the allegations contained in Paragraph 81 as Paragraph 81 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 81.

82. The Defendant neither admits nor denies the allegations contained in Paragraph 82 as Paragraph 82 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 82.

83. The Defendant neither admits nor denies the allegations contained in Paragraph 83 as Paragraph 83 contains conclusions of law not requiring a responsive pleading. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 83.

84. The Defendant neither admits nor denies the allegations contained in Paragraph 84 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 84.

85. The Defendant denies the allegations contained in Paragraph 85.

86. The Defendant denies the allegations contained in Paragraph 86.

### COUNT II
### Violation of the First Amendment - Retaliation, 42 U.S.C. § 1983
### Bryant vs. Does 1 & 2

87. The Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs 1-86 as if set forth fully herein.

88. The Defendant neither admits nor denies the allegations contained in Paragraph 88 as Paragraph 88 alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 88.

89. The Defendant neither admits nor denies the allegations contained in Paragraph 89 as Paragraph 89 alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 89.

90. The Defendant neither admits nor denies the allegations contained in Paragraph 90 as Paragraph 90 alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 90.

91. The Defendant neither admits nor denies the allegations contained in Paragraph 91 as Paragraph 91 alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 91.

92. The Defendant neither admits nor denies the allegations contained in Paragraph 92 as Paragraph 92 contains conclusions of law not requiring a responsive pleading and alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 92.

93. The Defendant neither admits nor denies the allegations contained in Paragraph 93 as Paragraph 93 contains conclusions of law not requiring a responsive pleading and alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 93.

94. The Defendant neither admits nor denies the allegations contained in Paragraph 92 as Paragraph 92 alleges conduct by third parties. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 92.

95. The Defendant denies the allegations contained in Paragraph 95.

## COUNT III
### Violation of the First Amendment – Retaliation, 42 U.S.C. § 1983
### Derosier v. Hardman

96. The Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs 1-95 as if set forth fully herein.

97. The Defendant denies the allegations contained in Paragraph 97.

98. The Defendant denies the allegations contained in Paragraph 98.

99. The Defendant denies the allegations contained in Paragraph 99.

100. The Defendant denies the allegations contained in Paragraph 100.

101. The Defendant neither admits nor denies the allegations contained in Paragraph 101 as he has no actual knowledge of same and, therefore, calls upon the Plaintiffs to prove same. To the extent a further response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 101.

102. The Defendant neither admits nor denies the allegations contained in Paragraph 102 as Paragraph 102 contains conclusions of law not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 102.

103. The Defendant denies the allegations contained in Paragraph 103.

104. The Defendant denies the allegations contained in Paragraph 104.

## COUNT IV
### Violation of the Fourth Amendment – Excessive Force, 42 U.S.C. § 1983
### Derosier v. Hardman

105. The Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs 1-104 as if set forth fully herein.

106. The Defendant denies the allegations contained in Paragraph 106.

107. The Defendant denies the allegations contained in Paragraph 107.

108. The Defendant denies the allegations contained in Paragraph 108.

109. The Defendant denies the allegations contained in Paragraph 109.

110. The Defendant denies the allegations contained in Paragraph 110.

111. The Defendant denies the allegations contained in Paragraph 111.

112. The Defendant denies the allegations contained in Paragraph 112.

113. The Defendant denies the allegations contained in Paragraph 113.

114. The Defendant denies the allegations contained in Paragraph 114.

## COUNT V

**Violation of the Fourteenth Amendment – Substantive Due Process, 42 U.S.C. § 1983 vs. All Defendants**

115. The Defendant hereby repeats and incorporates by reference its responses to the preceding paragraphs 1-114 as if set forth fully herein.

116. The Defendant neither admits nor denies the allegations contained in Paragraph 116 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 116.

117. The Defendant neither admits nor denies the allegations contained in Paragraph 117 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 117.

118. The Defendant neither admits nor denies the allegations contained in Paragraph 118 as it refers to the conduct of third parties and contains legal conclusions not requiring a

responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 118.

119. The Defendant neither admits nor denies the allegations contained in Paragraph 119 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 119.

120. The Defendant neither admits nor denies the allegations contained in Paragraph 120 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 120.

121. The Defendant neither admits nor denies the allegations contained in Paragraph 121 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 121.

122. The Defendant neither admits nor denies the allegations contained in Paragraph 122 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 122.

123. The Defendant neither admits nor denies the allegations contained in Paragraph 123 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 123.

124. The Defendant neither admits nor denies the allegations contained in Paragraph 124 as it refers to the conduct of third parties and contains legal conclusions not requiring a responsive pleading. To the extent a response is nonetheless deemed required, the Defendant denies the allegations contained in Paragraph 124.

125. The Defendant denies the allegations contained in Paragraph 125.

126. The Defendant denies the allegations contained in Paragraph 126.

## PRAYERS FOR RELIEF

The Defendant hereby denies all liability to the Plaintiffs and further denies that the Plaintiffs are entitled to the relief sought in Paragraphs (A) through (F) of the Amended Complaint.

## THIRD DEFENSE

The Defendant is protected from suit and liability under the doctrine of qualified immunity.

## FOURTH DEFENSE

The Defendant did not deprive the Plaintiffs of any rights secured by the United States Constitution, the Massachusetts Declaration of Rights, or by the laws of the United States and/or Massachusetts. Therefore, the Plaintiffs cannot recover. In the alternative, if the Defendant deprived the Plaintiffs of any constitutional or statutory rights (which the Defendant denies), such rights were not clearly-established at the time of the alleged deprivation.

## FIFTH DEFENSE

The Defendant's actions and conduct are protected by law and/or legal process and, therefore, the Plaintiffs cannot recover.

## SIXTH DEFENSE

The Plaintiffs' alleged injuries and damages were caused by someone for whose conduct, acts, and omissions the Defendant cannot be held responsible.

**SEVENTH DEFENSE**

Even if the Plaintiffs' alleged speech is protected under the First Amendment (which defendants deny), defendants had adequate justification for restricting plaintiff's speech and, therefore, plaintiff cannot recover.

**EIGHTH DEFENSE**

The Defendant is entitled to immunity for his good faith discretionary actions under common law because he was at all times a public official acting within the scope of a discretionary public duty in good faith and without malice or corruption. *Breault v. Chairman of the Board of Fire Comm'rs*, 401 Mass. 26, 34 (1987).

**NINTH DEFENSE**

The Defendant was justified in his acts and, therefore, the Plaintiffs cannot recover.

**TENTH DEFENSE**

Any force allegedly used in the alleged interaction(s) of the Defendant with the Plaintiff (which the Defendant denies) was reasonable under the circumstances.

**ELEVENTH DEFENSE**

The Plaintiffs' Substantive Due Process Claim fails to state a claim upon which relief can be granted because the Plaintiffs' allegations, taken as true, fail to plausible allege conduct on the part of the Defendant rising to the level of "conscience shocking" conduct. *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 145 (1st Cir. 2016).

**TWELFTH DEFENSE**

At all relevant times, the Defendant acted in good faith and in accord with the Constitutions and laws of the United States and of the Commonwealth of Massachusetts.

**THIRTEENTH DEFENSE**

The Defendant's response and reaction to Plaintiff's alleged speech was protected under the First Amendment to the United States Constitution and Articles 19 and 16 of the Massachusetts Declaration of Rights.

### FOURTEENTH DEFENSE

The Plaintiffs' Amended Complaint fails to plausibly allege facts supporting individual capacity claims against Sgt. Hardman. *See, e.g.*, *Doyle v. City of Quincy*, 104 Mass. App. Ct. 761, 765 (2024).

### FIFTEENTH DEFENSE

The Defendant hereby expressly reserves the right to supplement this Answer to include additional relevant affirmative defenses as additional facts become available.

### JURY DEMAND

The Defendant demands a jury trial on all issues so triable.

The Defendant,

SGT. MICHAEL HARDMAN,
In His Individual Capacity

By his Attorneys,

**PIERCE DAVIS & PERRITANO LLP**

*/s/ Matthew J. Hamel*

Adam Simms, BBO #632617
Matthew J. Hamel, BBO #706146
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
mhamel@piercedavis.com

Dated: June 11, 2025

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on June 11, 2025.

                                        */s/ Matthew J. Hamel*
                                        Matthew J. Hamel