**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DEROSIER, ET AL.,<br>Plaintiffs,<br>v.<br>HARDMAN,<br>Defendants. | Civil Action No. 1:25-cv-10812 |
| DELGADO,<br>Plaintiff,<br>v.<br>HARDMAN,<br>Defendants. | Civil Action No. 1:25-cv-10818 |
| WALSH,<br>Plaintiff,<br>v.<br>HARDMAN, ET AL.,<br>Defendants. | Civil Action No. 1:25-cv-11344 |
| NGUYEN,<br>Plaintiff,<br>v.<br>HARDMAN, ET AL.,<br>Defendants. | Civil Action No. 1:26-cv-11511 |

**MOTION TO CONSOLIDATE CASES FOR THE LIMITED PURPOSE OF DISCOVERY AND TO AMEND CASE SCHEDULES TO CONFORM**

All four of the above-captioned matters arise from the actions of various and overlapping members of the Massachusetts State Police arising from the Norfolk Superior Court Buffer Zone Orders in the Commonwealth's prosecution of Karen Read. The Court previously, on August 28, 2025, consolidated the *Derosier, Delgado,* and *Walsh* cases for discovery purposes (*see* Derosier ECF No. 47, Delgado ECF No. 60, and Walsh ECF No. 27).

The *Nguyen* case was filed on March 31, 2026. Discovery in that matter is underway. And the parties have been engaged in discovery in the other three matters. In the interests of prudence and judicial economy, the *Nguyen* case should now be consolidated with the other three, and the schedules should be amended to effectuate these purposes.

## 1.0 Consolidation is Appropriate

A court may consolidate actions if they involve common questions of law or fact. Fed. R. Civ. P. 42(a). This includes for the limited purposes of discovery and motion practice. *See, Third Degree Films v. Does 1-47*, 286 F.R.D. 188, 197 (D. Mass. 2012). "The purpose of Rule 42(a) 'is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'" *Davidson-Salas v. Nahga, Inc.*, 2026 U.S. Dist. LEXIS 9332, at *2 (D. Me. Jan. 13, 2026) quoting 9A Arthur R. Miller, Federal Practice and Procedure § 2381, Westlaw (database updated September 2025). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

Here, discovery remains in its early stages. Although the parties have exchanged and responded to written discovery in the previously consolidated matters, Defendant Rose in the *Walsh* matter recently served written discovery on Plaintiff Walsh, which is not yet due. The parties anticipate that the discovery that will be served by and upon Plaintiff Nguyen will be akin to that previously served. And, more importantly, because the parties were awaiting the outcome of *Grant v. Trial Court*, No. 25-1555, 2026 U.S. App. LEXIS 22074 (1st Cir. July 24, 2026), which had the potential to adjudicate issues that could have had an effect on these four cases, the parties have not conducted depositions. Adding the *Nguyen* case will ensure that duplicate efforts need not be made and that discovery taken in the *Nguyen* case can be used in the other three and vice-

versa. Thus, the cases remain at an early stage and consolidation for the purposes of discovery is warranted.

**2.0 Amending Schedule**

Recently, the Court set the following scheduling order in the *Nguyen* case, in relevant part:

- Fact discovery to be completed by 5/21/2027.
- Expert discovery to be completed by 2/19/2028.
- Dispositive motions due by 4/7/2028.
- Opposition to dispositive motions due by 4/28/2028.
- Reply memoranda due by 5/12/2028.

(Nguyen ECF No. 15). In the other three consolidated cases, the scheduling order states, in relevant part:

- Fact discovery to be completed by 8/27/2026.
- Expert discovery to be completed by 1/29/2027.
- Dispositive motions due by 3/5/2027.
- Opposition to dispositive motions due by 3/26/2027.
- Reply memoranda due by 4/9/2027.

(Walsh ECF No. 28, Delgado ECF No. 61, Derosier ECF No. 48). Just as the matters should be consolidated for discovery purposes, the scheduling orders should align; specifically, the parties ask that the *Walsh, Delgado*, and *Derosier* matters adopt the *Nguyen* schedule. This is the first request for such extension.

As noted above, because the pendency of the *Grant* appeal, the parties conserved their resources. No depositions have yet occurred, and additional documents are still forthcoming from the consolidated plaintiffs. A proposed revised scheduling order is attached.

WHEREFORE the parties respectfully request this Honorable Court consolidate the matters for purposes of discovery and amend the scheduling order accordingly.

Dated: August 18, 2026.

Respectfully Submitted,

/s/ Jay M. Wolman
Marc J. Randazza, BBO# 651477
mjr@randazza.com, ecf@randazza.com
Jay M. Wolman, BBO# 666053
jmw@randazza.com
RANDAZZA LEGAL GROUP, PLLC
30 Western Avenue
Gloucester, MA 01930
Tel: (978) 801-1776

Mark Trammell
(*Pro Hac Vice)*
Center for American Liberty
P.O. Box 200942
Pittsburgh, PA 15251
Tel: (703) 687-6200
MTrammell@libertyCenter.org

*Attorneys for Plaintiffs.*

/s/ Matthew J. Hamel
Matthew J. Hamel, BBO # 706146
Adam Simms, BBO # 632617
Cole S. Fahrenkopf, BBO# 710953
Pierce Davis & Perritano, LLP
10 Post Office Square, Ste. 1100N
Boston, MA 02109
(617) 350-0950
asimms@piercedavis.com
mhamel@piercedavis.com
cfahrenkopf@piercedavis.com

*Attorneys for Defendants Freedman, Welsh, Brown, Nunziato, and Hardman.*

/s/ Timothy M. Burke
Timothy M. Burke, BBO # 065720
Jared S. Burke, BBO # 677851
Law Offices of Timothy M. Burke
117 Kendrick Street, Ste. 300
Needham, MA 02494
(781) 455-0707
tburke@timburkelaw.com
burkejared@gmail.com

*Attorneys for Defendant Rose.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2026 the foregoing document was served on all parties or their counsel of record through the CM/ECF system.

/s/ Jay M. Wolman
Jay M. Wolman